**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4616

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DERRICK LAMONT SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (4:05-cr-00892-TLW)

Submitted:  January 17, 2008      Decided:  January 22, 2008

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.   Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Smith pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000). The district court sentenced Smith to the statutory minimum of 240 months of imprisonment. Smith timely appealed.

On appeal, counsel filed an Anders[*] brief, in which he states there are no meritorious issues for appeal, but questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Smith's guilty plea. Smith was advised of his right to file a pro se supplemental brief, but has not filed a brief. The Government declined to file a brief. We affirm.

Smith did not move in the district court to withdraw his guilty plea, therefore this court reviews his challenge to the adequacy of the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his plea. The court must also determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); United

_____

[*]Anders v. California, 386 U.S. 738 (1967).

States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Counsel does not specify any deficiencies in the district court's Rule 11 inquiry, and our review of the plea hearing transcript reveals that the court conducted a thorough Rule 11 colloquy that assured Smith's plea was made both knowingly and voluntarily.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Smith's conviction and sentence. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED